J-S35031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                 :
:
:
MICHAEL DAVID MARCHALK        :
:
Appellant         :   No. 136 MDA 2022

Appeal from the PCRA Order Entered December 17, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001407-2017

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED:  DECEMBER 12, 2022**

Michael David Marchalk appeals **pro se** from the December 17, 2021

order dismissing his petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.[1]

The PCRA court summarized the relevant facts and procedural history

of this case as follows:

> [Appellant] suffered from a substance abuse disorder;
> he and his father, Gary Marchalk, who was the victim
> in the instant matter, had a strained relationship; on
> the day of the murder, the victim and [Appellant] were
> involved in a disagreement related to [Appellant's]
> request for money to purchase Suboxone or Heroin
> before entering a substance abuse rehabilitation
> center ("rehab"); the victim allowed [Appellant] to
> temporarily reside at the victim's residence until he

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth has not filed a brief in this matter.

entered the rehab; the murder occurred in the victim's bedroom at his residence; [Appellant] entered the bedroom complaining that he could not sleep; the victim was lying on his bed; the victim swung a bat at [Appellant], who blocked the bat with his arm; [Appellant] threw an iron against the wall above the victim's bed; the victim moved back and [Appellant] charged him; the victim hit [Appellant] with the bat again; [Appellant] took the bat and struck the victim five or six times„ which resulted in his death; and [Appellant] testified at his jury trial that he hit the victim with the bat because he was in disbelief that his father had swung the bat at him.

**. . . .**

Following a jury trial on December 13, 2018, [Appellant] was found guilty of third-degree murder; theft by unlawful taking, access device fraud, and possession of an instrument of crime. On January 22, 2019, [Appellant] was sentenced to twenty-four and one-half to forty[-]nine years of imprisonment. [Appellant] directly appealed his conviction, in which he challenged the Court's jury instruction relating to evidence of "heat of passion[,]" and the Commonwealth's duty to prove the absence of "[heat] of passion[.]" On November 25, 2019, the Superior Court affirmed the judgment of sentence. [*See* ***Commonwealth v. Marchalk***, 224 A.3d 794 (Pa.Super. 2019) (unpublished memorandum).] On November 17, 2020, [Appellant] filed a PCRA petition, in which he alleged that he planned to raise several claims of ineffectiveness of counsel against his court-appointed counsel, Andrea L. Thompson, Esquire [(hereinafter, "Attorney Thompson" or "trial counsel")].

By Order dated December 10, 2020, Adam Weaver, Esquire [(hereinafter, "Attorney Weaver" or "PCRA counsel")] was appointed to represent [Appellant], and was afforded leave to file an amended PCRA petition. On or about April 1, 2021, Attorney Weaver filed a Motion to Withdraw as Counsel and a

> *Turner/Finley*[2] No Merit Letter.  By Order dated
> April 06, 2021, [the PCRA court] issued a notice
> informing [Appellant] of the Court's intention to
> dismiss his PCRA petition without a hearing, and
> further granted Attorney Weaver's Petition to
> Withdraw as counsel.  On April 29, 2021, [Appellant]
> filed his response to the notice to dismiss, in which he
> raised a claim of ineffective assistance of counsel
> against Attorney Weaver, and requested a new court
> appointed PCRA counsel.  By Order of Court dated May
> 19, 2021, Jeffrey M. Markosky, Esquire [(hereinafter,
> "Attorney Markosky" or "PCRA counsel")] was
> appointed to represent [Appellant] on his layered
> ineffectiveness claims.   On October 29, 2021,
> Attorney Markosky filed a No Merit Letter and Petition
> to Withdraw as Counsel of Record.  On November 4,
> 2021, [the PCRA court] entered a second Notice of
> Intention to Dismiss without Hearing Pursuant to
> Pa.R.Crim.P. 907, which further permitted Attorney
> Markosky to withdraw as counsel. On November 10,
> 2021, [Appellant] filed a "Petition for Relief,"
> [wherein] he alleged that Attorney Markosky was
> ineffective as PCRA counsel, and requested that either
> new counsel be appointed or that [Appellant] be
> permitted to proceed *pro se*. By Order of Court dated,
> December 17, 2021, [Appellant's] PCRA petition was
> dismissed.

PCRA court opinion, 3/16/22 at 1-3 (footnotes omitted).

Appellant, who is incarcerated, filed a *pro se* notice of appeal that was incorrectly submitted to this Court on January 18, 2022 and not received by the trial court until January 21, 2022 — three days after the expiration of the 30-day appeal period.  Appellant's notice of appeal had to be filed by Tuesday,

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

- 3 -

January 18, 2022, because the 30th day of the appeal period fell on Sunday, January 16, 2022, and Monday, January 17, 2022, was a court holiday. ***See*** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); 1 Pa.C.S.A. § 1908 (whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time).

We find that Appellant's untimely appeal can be excused by the prisoner mailbox rule. Under this rule, "a ***pro se*** prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa.Super. 2011) (citation omitted), ***appeal denied***, 46 A.3d 715 (Pa. 2012). Generally, "any reasonably verifiable evidence of the date that the prisoner deposits" his notice of appeal with prison authorities is acceptable to satisfy this rule, including a certificate of mailing or a post-marked envelope. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997).

Here, the record does not contain any evidence indicating when Appellant's notice of appeal was deposited with prison authorities. However, given the fact that this Court was in receipt of Appellant's notice of appeal on January 18, 2022, prior to its transfer to the Schuylkill County Clerk of Courts, it is reasonable to presume that Appellant placed it in the hands of prison authorities for mailing on or before that date. ***See Commonwealth v. Patterson***, 931 A.2d 710 (Pa. Super. 2007) (even without postmark

- 4 -

definitively noting date of mailing, a panel may avoid quashal where date of receipt indicates that appellant likely placed notice of appeal in hands of prison authorities before the expiration of thirty days).    Accordingly, we have jurisdiction over this appeal.[3, 4]

Appellant has filed a 12-page, handwritten ***pro se*** brief wherein he raises the following issues for our review:

> A.    Whether [t]rial counsel, [Attorney Thompson] was ineffective?
>
> B.    Whether [p]re-trial counsel, Kent Watkins, was ineffective?
>
> C.    Whether [the trial court] failed to instruct the jury properly on several occasions?
>
> D.    Whether [the trial court] prejudiced the jury against [Appellant] with improper sentencing instructions?

_____

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

[4] Alternatively, we note that Appellant's notice of appeal filed on January 18, 2022 may also be deemed timely pursuant to Rule 905(a)(4), which provides as follows:

> If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

Pa.R.A.P. 905(a)(4).

E. Whether [the trial court] allowed expert testimony while refusing [Appellant's] motion for an expert on his behalf?

F. Whether [the trial court] judge should have recused himself due to victim previously working in [the] courthouse and victim's wife being the County Treasurer?

G. [Whether] Prosecutor falsely portrayed [Appellant] in closing arguments?

H. Whether PCRA counsel, [Attorney Markosky and Attorney Weaver] were ineffective?

Appellant's brief at 5.[5]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).

---

[5] Appellant's brief does not contain pagination. For the ease of our discussion, we have assigned each page a corresponding number.

These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Preliminarily, we observe that a number of Appellant's claims – specifically, issues D, E, F, and G – involve allegations of trial court error that could have been raised on direct appeal. Appellant failed to do so, and thus, has waived these claims under the PCRA. ***See*** 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, … on appeal or in a prior state postconviction proceeding."); ***see also Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017).

Additionally, Appellant's challenge to the trial court's jury instructions – issue C – has been previously litigated on direct appeal and found to be without merit by this Court. ***See Commonwealth v. Marchalk***, 224 A.3d 794 (Pa.Super. 2019) (unpublished memorandum at *1-2). Accordingly, this claim is not cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(3) (stating, "[t]o be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence ... [t]hat the allegation of error has not been previously litigated[.]"). A specific issue has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." ***Id.*** at § 9544(a)(3).

Appellant's remaining claims baldly allege, with virtually no citation to the certified record, that his trial and PCRA counsel rendered ineffective assistance of counsel. *See* Appellant's brief at 6-7, 10 (issues A-B, H).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Our Supreme Court has set forth the proper framework for alleging a layered ineffective assistance of counsel claim in the context of the PCRA:

Succinctly stated, a petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument, in briefs or other court memoranda, on the three prongs of the [ineffectiveness] test as to each relevant layer of representation. . . . [T]his means that the arguable merit prong of the [ineffectiveness] test as to the claim that appellate counsel was ineffective in not raising trial counsel's ineffectiveness consists of the application of the three-prong [ineffectiveness] test to the underlying claim of trial counsel's ineffectiveness. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of appellate counsel's ineffectiveness fails. Only if all three prongs as to the claim of trial counsel's ineffectiveness are established, do prongs 2 and 3 of the [ineffectiveness] test as to the claim of appellate counsel's ineffectiveness have relevance, requiring a determination as to whether appellate counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's ineffectiveness (prong 2) and whether petitioner was prejudiced by appellate counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong 3).

*Commonwealth v. Reid*, 99 A.3d 470, 482 (Pa. 2014) (citation omitted).

Instantly, our review of Appellant's *pro se* brief indicates that he has failed to properly raise his layered ineffectiveness claims by applying the three-prong ineffectiveness test to each level of representation. A determination that trial counsel rendered ineffective assistance is a prerequisite to finding that any subsequent counsel was himself ineffective, and no such findings were demonstrated in this case. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010). Notably, the argument

section of Appellant's brief fails to include a single citation to any caselaw concerning the three-prong ineffectiveness test or include any meaningful analysis or discussion thereof.

Accordingly, we find Appellant's ineffectiveness claims waived. *See*, *e.g.*, *Commonwealth v. Brown*, 161 A.3d 960, 969 (Pa.Super. 2017) (an assertion of a single-sentence ineffectiveness claim was rendered waived due to appellant's failure to properly develop the claim and set forth applicable case law to advance it in the argument section of his brief), *appeal denied*, 176 A.3d 850 (Pa. 2017).

In reaching this decision, we note that Appellant's status as a *pro se* litigant does not absolve him from responsibility for compliance with the rules.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must . . . assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

Based on the foregoing, we affirm the December 17, 2021 order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2022